THIRTEENTH JUDICIAL DISTRICT
COUNTY OF CIBOLA
STATE OF NEW MEXICO

JOSEPH BUSTAMANTE,
                Plaintiff,

vs.                                  No. D-1333-CV-20060247

WESTERN TRANSPORT SERVICES,
LLC, a Limited Liability Corporation
organized under the laws of the State
of New Mexico,

EDWARD GALLEGOS, owner of
WESTERN TRANSPORT SERVICES,
LLC, a Limited Liability Corporation
organized under the laws of the State
of New Mexico,

CIBOLA COUNTY a municipal entity
organized under the laws of the State
of New Mexico and its subsidiary agency,
the CIBOLA COUNTY DETENTION
CENTER,

DAVID ULIBARRI, County Manager for
CIBOLA COUNTY, in his official capacity,

JOHN/JANE DOES 1-3, employees of
CIBOLA COUNTY in charge of the
CIBOLA COUNTY DETENTION
CENTER, in their individual capacities,
and

CHIEF [FNU] LUCERO, an employee
of CIBOLA COUNTY at the CIBOLA
COUNTY DETENTION CENTER, in
his individual capacity,

                Defendants.

 EXHIBIT C

# FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff, **JOSEPH BUSTAMANTE**, by and through his attorney of record, Joe M. Romero, Jr., brings this action for violations of his protected rights under the United States Constitution and the Constitution of the State of New Mexico and for violations of the New Mexico Tort Claims Act, NMSA § 41-4-1, *et seq.*, as well as for torts actionable under common law. In support of this Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Joseph Bustamante at all times relevant to this litigation was under arrest and being transported to and/or incarcerated at Western New Mexico Correctional Facility, in Cibola County, State of New Mexico.

2. Defendant Western Transport Services is a Limited Liability Corporation licensed to do business and doing business in the State of New Mexico.

3. At all times material to this Complaint, Defendant Western Transport Services, LLC ("Western Transport") was in the business of transporting pretrial detainees and/or convicted persons throughout New Mexico on behalf of various governmental entities.

4. At all times material to this Complaint, Defendant Western Transport was acting pursuant to its contract with Defendant Cibola County.

5. Defendant Cibola County is a governmental (municipal) entity created pursuant to NMSA 1978, § 3-2-1 et seq. The Cibola County Police Department is a subsidiary agency of the Cibola County.

6. Defendant Cibola County is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train supervise its employees, agents, and/or contractors and for its customs, policies, and/or practices.

7. Defendant Cibola County is sued under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.*, for damages under a theory of *respondeat superior*.

8. Defendants John/Jane Does 1-3, at all relevant times herein, were law enforcement officers employed at the Cibola County Detention Center ("CCDC"), which operated by Defendant Cibola County. Defendants John/Jane Does 1-3 were the policy-makers and/or persons in charge of the day-to-day operation of CCDC. At all times material to this complaint, Defendants John/Jane Does 1-3 were acting within the scope and course of his employment and under color of state law.

9. Upon information and belief, Defendants John/Jane Doe 1-3 are residents of Cibola County and citizens of the State of New Mexico.

10. Defendant Chief [First Name Unknown] Lucero, at all relevant times herein, was a law enforcement officer employed at the CCDC, which is operated by Defendant Cibola County. At all times material to this complaint, Defendant Chief Lucero was acting within the scope and course of his employment and under color of state law. Upon information and belief, Chief Lucero was, at one or more times, in charge of the day-to-day operations of CCDC after one or more of his superiors were terminated for using unlawful force on an inmate or inmates.

11. Upon information and belief, Defendant Chief Lucero is a resident of Cibola County and citizen of the State of New Mexico.

12. The acts and omissions giving rise to this litigation occurred in Cibola County, State of New Mexico.

13. Jurisdiction and venue over this action lie with the Thirteenth Judicial District Court within and for the County of Cibola, State of New Mexico.

## FACTS OF THE CASE

14. On or about February 12, 2004, Plaintiff Joseph Bustamante was arrested by Cottonwood Police Department in Cottonwood, Arizona.

15. Plaintiff was arrested on a bench warrant issued by district court Judge Camille Olguin. Plaintiff was unaware of the existence of the warrant because the case had previously dismissed via *nolle prosequi*.

16. Plaintiff was subsequently transported to Prescott Valley, Arizona.

17. On or about February 25, 2004, Plaintiff was taken into custody by Defendant Western Transport. Defendant Western Transport took Plaintiff into custody to transport him to Cibola County Detention Center ("CCDC").

18. Western Transport took no steps to inform district court or Judge Holguin's chambers or the District Attorney's Office that Plaintiff was arrested and that he was incarcerated at CCDC.

19. Plaintiff was detained at CCDC for approximately five (5) months before appearing in court on the arrest warrant issued by Judge Holguin.

20. In the intervening five (5) months, Plaintiff was not permitted to call his attorney, he was not allowed to call the prosecuting attorney's office, he was not afforded an arraignment.

21. Defendants Cibola County, David Ulibarri, and John/Jane Does 1-3 held Plaintiff in jail for five (5) months, despite the fact that they knew that he had not been arraigned or had otherwise received a probable cause determination.

22. No Defendant notified the Thirteenth Judicial District Attorney's office that Plaintiff was in custody.

## COUNT I: NEGLIGENCE

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

23. Defendants Cibola County, John/Jane Doe 1-3, Chief LNU Lucero, Western Transport, Edward Gallegos, and David Ulibarri owed a duty to Plaintiff to take reasonable steps to inform district court that the warrant issued to the Plaintiff to inform either the district court or the district attorney's office had been served.

24. Defendants breached their duty owed to Plaintiff.

25. Plaintiff suffered foreseeable injuries as a result of Defendants' breach of their duty.

26. Plaintiff was harmed and damaged by said negligent acts of the Defendants.

27. Plaintiff is entitled to recover for his damages against Defendants in an action at law, in amounts to be established at trial.

## COUNT II: FALSE IMPRISONMENT
## PURSUANT TO THE NEW MEXICO TORT CLAIMS ACT
## NMSA 1978 § 41-4-1, *et seq.*

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

28. During their prolonged unlawful, unjustified detention of Plaintiff, Defendants intentionally confined and/or restrained Plaintiff without his consent and with knowledge that they had no lawful authority to so detain Plaintiff.

29. Plaintiff was not free to leave and/or the Defendants' actions were such that Plaintiff reasonably believed that he was not free to leave. Plaintiff was therefore falsely imprisoned by the Defendants.

30. The Defendants' actions were wanton, malicious, intentional, and grossly indifferent to the rights of Plaintiff.

31. The Defendants' actions constitute the tort of false imprisonment.

## COUNT III: FALSE IMPRISONMENT
## PURSUANT TO 42 U.S.C. § 1983

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

32. The Defendants' actions during their prolonged, unjustified, and unreasonable detention of Plaintiff were such that, as a reasonable person, he did not believe that he was free to leave.

33. Defendants' actions were wanton, malicious, intentional, and grossly indifferent to the rights of Plaintiff.

34. Defendants' actions constituted unreasonable detention of Plaintiff, in violation of his Fourth and/or Fourteenth Amendment rights.

## COUNT IV: MUNICIPAL LIABILITY
## CUSTOM AND POLICY
## PURSUANT TO 42 U.S.C. § 1983

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

35. The acts and omissions in violation of Plaintiff' rights by the Defendants were perpetrated pursuant to the custom and policy of Cibola County.

36. Cibola County either maintains an official policy of permitting its officers to illegally detain people or, in the alternative, maintains a *de facto* policy of ignoring such actions by the Defendants and other CCDC employees.

37. Cibola County's knowledge of the Defendants' illegal actions, as described above, can be inferred by the obviousness of the facts. Simply put, with numerous police employees on the scene of this and other similar incidents, it is not possible for the Defendants and others to have acted without the knowledge and permission of the County.

38. Cibola County was deliberately indifferent to the rights of Plaintiff and other citizens of Cibola County.

39. The County's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind Defendants' illegal acts.

## COUNT V: MUNICIPAL LIABILITY
## FAILURE TO TRAIN AND SUPERVISE
## PURSUANT TO 42 U.S.C. § 1983

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

40. The acts and omissions in violation of Plaintiff' rights by the Defendants were perpetrated pursuant to the custom and policy of Cibola County.

41. Cibola County and its County Manager, Defendant Ulibarri failed to train the Defendants and/or failed to supervise the Defendants regarding the circumstances under which they could detain and/or imprison citizens and/or continue to detain citizens for prolonged periods of time.

42. Cibola County and Defendant Ulibarri's failure to train and/or supervise the Defendants regarding their illegal actions against Plaintiff and others, as well as the similar illegal actions perpetrated by other CCDC employees, can be inferred by the obviousness of the facts.

43. Cibola County and Defendant Ulibarri were deliberately indifferent to the rights of Plaintiff and other citizens of Cibola County.

44. The County's failure to train and supervise the Defendants was a moving force behind Defendants' illegal acts.

## COUNT VI: SUPERVISORY LIABILITY/*RESPONDEAT SUPERIOR* PURSUANT TO THE NEW MEXICO TORT CLAIMS ACT NMSA 1978 § 41-4-1, *et seq.*

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

45. Defendant Cibola County is liable under the doctrine of *Respondeat Superior* for torts committed by its police officers.

46. 15. If a jury determines that any or all of the Defendants committed any or all of the torts alleged in this complaint, Defendant Cibola County is liable as well.

## COUNT VII: PUNITIVE DAMAGES PURSUANT TO 42 U.S.C. § 1983

The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

47. The acts and omissions of the Defendants herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

48. The award of punitive damages as against the Defendants is justified and necessary in order to dissuade the Defendants and others likewise situated from behaving in the same or similar fashion in the future.

49. No punitive damages are requested or sought against any municipalities or against the Defendants in any of their official capacities.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A.  Award compensatory damages jointly and severally against Defendants in an amount to be determined by the jury at trial;

B.  Award punitive and exemplary damages against Defendants Western Transport, Edward Gallegos, John/Jane Doe 1-3, and Chief FNU Lucero, in a separate amount to be

determined by the jury at trial;

C. Award pre- and post-judgment interest on all monetary damages in an amount to be fixed by the Court;

D. Award Plaintiff his costs in bringing this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. Award other and further relief as the Court deems proper under the circumstances.

Respectfully Submitted,

By: _____
Joe M. Romero, Jr.
Attorney for Joseph Bustamante
1905 Lomas Blvd. NW
Albuquerque NM, 87104

(505) 843-9776
(505) 224-9554 (Facsimile)