# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

JOSEPH BUSTAMANTE,

      Plaintiff,

vs.                                        Civ. No. 08-247 WJ/RHS

WESTERN TRANSPORT SERVICES, LLC,
a Limited Liability Corporation organized
under the laws of the State of New Mexico,
EDWARD GALLEGOS, owner of
WESTERN TRANSPORT SERVICES, LLC,
a Limited Liability Corporation organized
under the laws of the State of New Mexico,
CIBOLA COUNTY, a municipal entity
organized under the laws of the State of
New Mexico and its subsidiary agency, the
CIBOLA COUNTY DETENTION CENTER,
DAVID ULIBARRI, County Manager for
Cibola County, in his official capacity,
JOHN/JANE DOES 1-3, employees of Cibola
County in charge of the CIBOLA COUNTY
DETENTION CENTER, in their individual
capacities, and CHIEF [FNU] LUCERO,
an employee of Cibola County at the Cibola
County Detention Center, in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Remand.  (Doc. 5).  The

Court, having considered the instant Motion, Cibola County Defendants' Response (Doc. 6),

Plaintiff's Reply (Doc. 7), the relevant law, and otherwise being fully informed, hereby orders

Plaintiff to file evidence of proper service upon Defendants Western Transport Services, LLC and

Edward Gallegos within ten days.

**BACKGROUND**

Plaintiff filed an October 11, 2006 Complaint for Negligence against Western Transport in the Thirteenth Judicial District, County of Cibola, State of New Mexico.  (Doc. 1-2).  Plaintiff filed a March 7, 2008 First Amended Complaint for Damages against Defendants Western Transport Services, LLC, Edward Gallegos ("Western Transport Defendants"), Cibola County, Cibola County Detention Center, David Ulibarri, John/Jane Does 1-3 and Chief [Fnu] Lucero ("Cibola County Defendants").  Plaintiff, in the instant Motion and in his Reply, contends that the Western Transport Defendants were served on July 19, 2007.  (Doc. 5, 7).  Plaintiff, in the instant Motion, represents that "[a]t the time of the filing of this Motion, the affidavit of Emily Cole was not signed.  Plaintiff will submit the signed version of this affidavit no later than April 14, 2008." (Doc. 5 n.1).  Plaintiff, in his Reply, states that "Plaintiff initially intended on presenting an affidavit of the process server, Emily Cole, along with the Returns of Service.  However, Plaintiff has not been able to obtain an affidavit from Ms. Cole, but when he does so, will file the affidavit."  (Doc. 7 n.1).  At this juncture, the Court is unaware of any evidence substantiating Plaintiff's claim that the Western Transport Defendants were served on July 19, 2007.  It is undisputed that the Cibola County Defendants were served on February 7, 2008.

The Cibola County Defendants filed a Notice of Removal of Action on March 7, 2008. (Doc. 1).  In their Notice of Removal the Cibola County Defendants contend that "Upon information and belief, Plaintiff did not serve Western Transport or Edward Gallegos with either the Complaint or First Amended Complaint.  As such, County Defendants need not obtain consent from Western Transport or Edward Gallegos in order to remove this matter to federal court."  Id.  Plaintiff, in the instant Motion, argues that:

> In this case the Cibola Defendants were required to seek the concurrence of the Western Transport Defendant[s] prior to removal.  However, concurrence could not possibl[y] be obtained because the Western Transport Defendant[s] had allowed their time to remove to expire and therefore could not acquiescence to the Cibola County Defendants' Notice of Removal. . . .   The Western Transport [Defendants] failure to timely file a Notice of Removal precludes their consent to the Cibola County Defendants' removal, therefore making this removal procedural defective and mandating a remand to State court.

(Doc. 5).  Cibola County Defendants, in their Response, make three arguments against remand: (1) Plaintiff's Motion to Remand is Untimely; (2) the Cibola County Defendants exercised due diligence to determine whether the Western Transport Defendants had been served, and thus should be excused from the unanimity requirement; (3) Plaintiff has not demonstrated that he properly effected service on the Western Transport Defendants.  (Doc. 6).  Plaintiff, in his Reply, argues that the instant Motion was timely filed, Defendants' exercise of "reasonable diligence" does not prevent remand, and New Mexico law stands for the proposition that "failure to make proof of service shall not affect the validity of service."  (Doc. 7) (citing NMRA 1-004(L)).

**DISCUSSION**

"As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature. . . .   While these procedural requirements are not jurisdictional in nature, they have been strictly enforced."  McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citations omitted).  "Removal statutes are to be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941), and all doubts are to be resolved against removal.  Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. [1957]), cert. denied, 355 U.S. 907, 78 S. Ct. 334, 2 L. Ed. 2d 261 (1957)."  Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  "Courts should interpret the

removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted).

"The removing party has the burden to show that removal was properly accomplished." McShares, 979 F. Supp. at 1342 (citations omitted). Where there are multiple defendants, **all** defendants served at the time of filing must join in the notice of removal. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). Although this mandate is not an express statutory requirement, it is well established that a notice of removal fails if this procedural requirement is not met. Id. Generally, courts refer to this as the unanimity rule. McShares, 979 F. Supp. at 1342 (citations omitted). However, in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court found that a defendant cannot be forced to take any action in a civil case before proper service is made upon them. This Court views this rule to mean that no procedural burden, such as the decision of whether to join in removal, can be placed on a defendant until proper service is made. Thus, in the instant case, the Court is unsure whether the unanimity rule has been met absent evidence of proper service upon the Western Transport Defendants. Accordingly, it is ordered that Plaintiff has ten days to file with the Court proof of such service. Failure to establish proof of service upon the Western Transport Defendants shall result in a denial of Plaintiff's Motion to Remand.

   **SO ORDERED.**

   UNITED STATES DISTRICT JUDGE